AUGUSTINE M. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD H. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM S. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12091-12093. Promulgated January 25, 1929.

*Elisha F. Nunan, Esq.*, for the petitioners.
*Earl W. Shinn, Esq.*, for the respondent.

**OPINION.**

LITTLETON: These petitioners during 1921 were members of a partnership firm of six persons. Under the articles of copartnership they were made the managing partners "with full, complete, absolute, sole and exclusive power and authority to manage and carry on the said [partnership] business." To compensate them for the duties and responsibilities which they assumed in their managerial capacities, it was provided in the partnership agreement that the managing partners should "pay to themselves such salary as they may deem reasonable and proper." It was further provided that the salaries paid to the managing partners "shall be treated as a part of the operating expenses of the partnership, and shall not be charged against their interest in the partnership assets or profits." In 1921 the petitioners, as managing partners, fixed their salaries in the respective amounts set out in the findings of fact, amounting in the aggregate to $21,600, and the salaries so fixed were paid to the petitioners by the partnership in that year. The parties have stipulated that "the results of operations of the partnership for 1921,

after including as an expense of operations the salaries of the managing partners as provided in paragraph VI of the partnership agreement quoted above, resulted in a net loss for that year of $12,848.39." We deduce from that fact that, since the aggregate amount paid to the petitioners as managing partners was $21,600, the net income of the partnership, without any deduction for salaries to partners, amounted to $8,751.61. It was also stipulated that Augustine M., Edward H., and William S. Lloyd, the petitioners, share in the profits or losses of the partnership in the proportions of 22.23, 14.14, and 6.06 per cent, respectively. We are asked to decide, in the light of these facts, whether, as the Commissioner contends, the amounts which the petitioners received as salaries from the partnership constitute, in their entirety, taxable income derived from salaries, or whether, as the petitioners contend, they are to be treated partly as taxable income from business to the extent of their distributive shares in the partnership net income, the latter to be computed without any deduction for salaries, and partly as a return of their capital contributions not subject to tax.

While these petitioners received the salaries set out in the findings of fact, it is evident that the amount which each received is not the measure of his gain. The payment of these salaries resulted in a partnership deficit for the year in the amount of $12,848.39 and brought about a corresponding depletion of the partnership assets and of the capital of the partners. There was but one source from which the payments made to the petitioners as salaries, in excess of the partnership earnings, could be made, and that was the capital contributions of the partners. So the gain of each of the petitioners could not be greater than the excess of the amount which he received over and above his proportionate share of the partnership loss. Whether he meets his share of the loss out of his pocket or permits such loss to be charged against his interest in the partnership assets, the answer is the same—he has suffered a depletion in his capital, and we entertain no doubt that this is a factor to be reckoned with in determining each petitioner's net income.

According to the stipulated facts each petitioner's share in the partnership loss for 1921 is as follows:

| Name | Percentage | Share of loss |
|------|-----------|---------------|
| Augustine M. Lloyd | 22.23 | $2,856.20 |
| Edward H. Lloyd | 14.14 | 1,816.76 |
| William S. Lloyd | 6.06 | 778.61 |

Each of the petitioners has suffered a loss of his capital corresponding to his share in the partnership loss, as indicated above.

The net gain of each, therefore, determined as previously stated, is as follows:

|  | Augustine M. Lloyd | Edward H. Lloyd | William S. Lloyd |
|---|---|---|---|
| Received as salary | $7,500.00 | $6,600.00 | $7,500.00 |
| Less: Loss of capital | 2,856.20 | 1,816.76 | 778.61 |
| Net gain | 4,643.80 | 4,783.24 | 6,721.39 |

In our opinion the tax should not be levied on any greater amount, in each case, than that shown above as the net gain of each petitioner. We are confronted with the problem then of determining how, under the applicable taxing statute, the income and loss of each petitioner is to be accounted for so that no one of them will be required to pay a tax on any greater amount than that shown above as his net gain.

Section 218 (a) of the Revenue Act of 1921 provides as follows:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

Speaking with reference to the Revenue Act of 1913, which contained a provision of like purport, the court in *United States* v. *Coulby*, 251 Fed. 982, stated as follows:

This law [Revenue Act of 1913], therefore, ignores for taxing purposes the existence of a partnership. The law is so framed as to deal with the gains and profits of a partnership as if they were the gains and profits of the individual partner. The paragraph above quoted so provides. The law looks through the fiction of a partnership and treats its profits and its earnings as those of the individual taxpayer. Unlike a corporation, a partnership has no legal existence aside from the members who compose it. The Congress, consequently, it would seem, ignored, for taxing purposes, a partnership's existence, and placed the individual partner's share in its gains and profits on the same footing as if his income had been received directly by him without the intervention of a partnership name.

So it is under the Revenue Act of 1921. The law ignores the existence of the partnership and deals with the gains and profits thereof as belonging to the partners, who are liable for the income tax thereon in their individual capacities. The partners may take the profits in whatever form and manner and in such proportions as they may agree upon; and the statute holds each accountable and liable for the tax upon the proportion of the profits he is entitled to take under the partnership agreement.

The distributive share in the net income of a partnership which a partner is required to return includes not only his specific share fixed by the partnership agreement, which in these cases appears to be a proportional one based upon the capital contribution of each partner, but, also, any additional amount which the partner is entitled to take as compensation. In *Estate of S. U. Tilton*, 8 B. T. A. 914, we had occasion to consider the effect of an agreement to pay compensation to partners, from the standpoint of the Federal taxing statutes. We there announced our conclusion in the matter as follows:

It is well settled that partners are not entitled to a salary or compensation for services rendered to the partnership in the absence of an agreement, express or implied, the reason being that the partnership relation imposes upon each member of the firm the obligation to devote his time and abilities to the affairs of the firm. The reward to which each partner is entitled in his right to share in the partnership earnings. Where there has been no agreement otherwise, the partners will share equally in the benefits derived, regardless of the ratio of their contributions, and irrespective of the form of such contributions. However, the partnership agreement will control. If the partners agree on a proportional distribution of partnership profits, the agreement will be given effect since the courts have recognized the impracticability of determining the relative values of the respective contributions of the individual partners. We have heretofore held that partnership profits may be distributed in whatever proportions are determined by the partnership agreement. *Appeal of Harriet A. Taylor*, 2 B. T. A. 1159.

An agreement between partners to pay salaries from profits is nothing more than the determination of a basis for dividing such profits. A partner devoting his time and energies to the business of the firm is in fact working for himself and can not be considered as an employee of the firm in the sense that he is in the service of another. It follows, therefore, that he can not be paid a salary by the firm out of earnings in the sense of compensation for services rendered to an employer. In effect any allowances drawn by a partner from partnership assets are payments which he makes to himself and no man can be his own employer or employee. A partner receiving a salary is merely transferring money from one to another of his own pockets. *Leo Schwartz*, 7 B. T. A. 223.

While that case was governed by the Revenue Act of 1918 the conclusions reached are equally applicable to these proceedings which are governed by the Revenue Act of 1921. Further, it being concluded that payments of compensation to partners are but a means for dividing the partnership profits, it must necessarily follow that such payments are not proper deductions from income in computing the partnership net income. Therefore, these petitioners are accountable for their distributive shares in the partnership net income for 1921 of $8,751.61.

In article VI of the partnership agreement it is provided that "Any salary which shall be received by the Managing Partners, or

paid by them on the partnership account, shall be treated as a part of the operating expenses of the partnership." If this provision means anything, it is that the payments made to these petitioners, as salaries, are to be deducted in arriving at the net profits to be distributed to all of the partners. Since the total salaries paid to the petitioners exceed the net profits of the partnership, before the deduction of salaries, there could have been no profits left for distribution to the other partners. Looking at this situation from the standpoint of the income-tax law, and in the light of our decision in the *Tilton* case, it is our view that these petitioners are entitled to take all of the partnership profits up to the aggregate of their salaries, which in 1921 amounted to $21,600, before the remaining partners may share in the profits. It must be held, therefore, that the entire partnership profits for 1921, amounting to $8,751.61, accrued to these petitioners and they are required to account for their respective distributive shares thereof, the distributive share of each being determined upon the basis of the proportion which the amount distributed to him, as compensation, bears to the total amount paid to all three of the petitioners. Thus computed, the distributive share of each petitioner in the partnership net income for 1921 is as follows:

| | |
|---|---|
| Augustine M. Lloyd | $3,038.75 |
| Edward H. Lloyd | 2,674.11 |
| William S. Lloyd | 3,038.75 |

The payments made to the petitioners by the partnership as salaries exceeded their distributive shares in the partnership net income by the following amounts:

| | |
|---|---|
| Augustine M. Lloyd | $4,461.25 |
| Edward H. Lloyd | 3,925.89 |
| William S. Lloyd | 4,461.25 |

As we have already stated, there was but one source from which the payments made to these petitioners as salaries in excess of the partnership earnings could be made, and that was the capital of all of the partners. We entertain no doubt that to the extent the amount paid to each petitioner was paid out of the capital of the five other partners, it constitutes taxable income to him; but we hold that to the extent it was paid out of his own capital, it represents a return of capital and is not subject to the tax. Thus, we conclude that in addition to their respective distributive shares in the partnership net income Augustine M., Edward H., and William S. Lloyd received taxable income included in the amounts paid to them as compensation of $3,468.40, $2,570.77, and $4,190.90, respectively, computed as follows:

| | Received in excess of distributive share | Percentage chargeable against his capital account | Charged against capital account | Balance taxable income |
|---|---|---|---|---|
| Augustine M. Lloyd | $4,461.25 | 22.23 | $992.85 | $3,468.40 |
| Edward H. Lloyd | 3,925.89 | 14.14 | 555.12 | 3,370.77 |
| William S. Lloyd | 4,461.25 | 6.06 | 270.35 | 4,190.90 |

In accordance with the foregoing, we hold that, of the payments made to these petitioners by the partnership in 1921 as salaries, the following amounts constitute taxable income.

| | Augustine M. Lloyd | Edward H. Lloyd | William S. Lloyd |
|---|---|---|---|
| Distributive share in partnership net income | $3,038.75 | $2,674.11 | $3,038.75 |
| Salaries paid out of capital of other partners | 3,468.40 | 3,370.77 | 4,190.90 |
| Taxable income | 6,507.15 | 6,044.88 | 7,229.65 |

There remains for consideration the fact of the depletion of each petitioner's capital by his proportionate share of the amounts paid to the other two petitioners, as salaries, in excess of their distributive shares in the partnership net income. In the case of Augustine M. Lloyd, the amount of capital depletion which he must share on account of the payments to Edward H., and William S. Lloyd, in excess of their distributive shares, is 22.23 per cent of $8,387.14, or $1,863.35. In the case of Edward H. Lloyd, the amount is 14.14 per cent of $8,922.50, the excess payments to Augustine M. and William S. Lloyd, or $1,261.64. In the case of William S. Lloyd the amount is 6.06 per cent of $8,387.14, the excess payments to Augustine M. and Edward H. Lloyd, or $508.26.

These capital depletions are ordinary and necessary expenses incurred in carrying on the business of each petitioner, and, as such, are deductible in computing their respective net incomes.

Summing up, then, we find that of the amounts paid to Augustine M., Edward H. and William S. Lloyd by the partnership in 1921, the sums of $6,507.15, $6,044.88 and $7,229.65 constitute taxable income to them, respectively, from which there are to be deducted as ordinary and necessary expenses the sums of $1,863.35, $1,261.64, and $508.26, respectively, leaving a net income of $4,643.80, $4,783.24, and $6,721.39, respectively, which are the actual gains.

Since the Commissioner has held that the entire amount received by each petitioner constitutes taxable income, the net incomes determined by the Commissioner should be reduced by $2,856.20 in the case of Augustine M. Lloyd, by $1,816.76 in the case of Edward H. Lloyd, and by $778.61 in the case of William S. Lloyd.

*Judgment will be entered under Rule 50.*