**Victor LEFF and Mary Leff, husband and wife, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**George SINDEBAND, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**Nos. 220–221, Dockets 23700, 23701.**

United States Court of Appeals Second Circuit.

Argued April 10, 1956.

Decided July 31, 1956.

Seymour J. Wilner, New York City, for appellants.

L. W. Post, Attorney, Department of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

 These are petitions to review memorandum decisions of the Tax Court (Dec. 20,715M), reported at 13 T.C.M. 1138, holding taxable as ordinary income to the petitioners in 1949 those portions of the proceeds from sales of petitioners' partnership interests to the remaining partners which were held to represent their respective shares of salary, interest, and partnership profits for the firm's fiscal year 1948 until the date of dissolution.

We agree with the Tax Court that the petitioners must pay an ordinary income tax on the sales proceeds of their partnership shares to the extent that such proceeds reflect items otherwise taxable to them at ordinary income rates, i. e., current shares of profits, salary, and interest. Helvering v. Smith, 2 Cir., 90 F. 2d 590; Le Sage v. C. I. R., 5 Cir., 173 F.2d 826; United States v. Snow, 223 F. 2d 103, certiorari denied 350 U.S. 831, 76 S.Ct. 64; Hulbert v. C. I. R., 7 Cir., 227 F.2d 399 (apparently overruling Swiren v. C. I. R., 7 Cir., 183 F.2d 656, certiorari denied 340 U.S. 912, 71 S.Ct. 293, 95 L.Ed. 659, and Meyer v. United States, 7 Cir., 213 F.2d 278).

The sole remaining issues in the case are factual questions as to the appropriate date of dissolution for purposes of computing profit shares, and as to the amount of profit shares existing at that date. Since the facts are stated at great length in the memorandum opinion below and the factual issues do not appear to be ones of general importance we are content to refer thereto for a full statement of the facts.

 There was sufficient evidence to support the Tax Court's finding that the partnership was actually dissolved as of October 14, 1948, its original expiration date, with only the formal dissolution and the agreed payments postponed until January 31, 1949. And there was evidence to support, indeed on this record to compel, a finding that the partnership profits from the beginning of its fiscal year February 1, 1948 until the date of dissolution October 14, 1948 were as stated in Exhibit F, the firm's statement of operations for that period. It is true that that document was introduced solely as a memorandum which showed the basis on which the partners negotiated and not as direct evidence of the partnership profits. However, the facts warranted a finding that the petitioners when bargaining at arm's length acquiesced in the statement of their respective profit shares contained therein. It thus constituted an admission that their profits were as therein stated.

Affirmed.