**UNITED STATES of America,
Appellant,**

v.

**Barbara B. DONOHO, Appellee.**

**No. 16267.**

United States Court of Appeals
Eighth Circuit.

March 7, 1960.

Louise Foster, Atty., Dept. of Justice, Washington, D. C., for the United States.

Cyrus A. Field, Fergus Falls, Minn., for appellee.

Before GARDNER, WOODROUGH, and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

Prior to his death on May 9, 1951, Dr. N. L. Burnap was associated as a partner with five other medical doctors in the practice of their profession under the name of Fergus Falls Clinic. The articles of partnership were drawn so as to prevent its involuntary termination on the death of a member and prescribed terms upon which the surviving members should pay to the representative of a deceased partner "the value of the share of the deceased partner in the assets of the firm" and upon the completion of such payment the estate should "have no further interest or share in the business earnings or assets of the firm and such business assets and earnings shall belong to the surviving partners." The partnership was continued after Dr. Burnap's death and a valuation of the assets in accord with the articles was agreed upon and the survivors paid the estate $15,429.68 in 1951 and $1,440.-00 in 1952.

The full amount so paid in the two years was returned for estate tax and that tax was paid; but no income was returned in respect to the payments in 1951 or 1952.

Decedent's daughter, Barbara B. Donoho, became the transferee of the estate and as such was assessed for income tax deficiencies for the period between May 9, 1951, to December 31, 1951, and for the calendar year 1952, based on the Commissioner's determination that a part of the payments which were made by the surviving partners to the decedent's estate should have been returned as taxable income. She paid the taxes assessed for the period and brought this action for refund. On the trial of the case to the court it was held that the partnership interest of Dr. Burnap was a "capital asset" and the transfer of it to the surviving partners pursuant to the articles of partnership did not result in taxable income to the estate or its transferee. The court filed findings of fact and conclusions of law and entered judgment for refund to plaintiff in accord with the opinion reported at D.C., 168 F.Supp. 679.

The government appeals.

The relevant terms of the articles of partnership upon which the partnership interest of the deceased passed to the surviving partners are set forth verbatim in the reported opinion and it suffices to state that under the articles the several assets of the partnership were each assigned a value according to a prescribed method or formula and the surviving partners were required to pay the estate of the deceased partner his proportion of the aggregate amount so arrived at, which was $19,073.08, less $163.40 which he owed the firm.

In order to meet such payment the partnership had built up a special reserve fund upon which income tax was duly paid and the articles provided that upon the death of a partner (where his life was not insured, as was the case with respect to Dr. Burnap) up to one-half of that fund should be applied to paying for his interest. If that was insufficient the surviving partners were required to pay the balance in not more than thirty-six equal monthly payments. The special fund stood at $29,301.80 at the doctor's death so that $14,650.90 of the 1951 payment to the estate came from the fund. The rest came from the monthly payments.

The partnership made its return on a cash basis and at Doctor Burnap's death its assets included accounts and notes receivable amounting on their face to $129,092.10, which under the formula of the articles of partnership were required to be, and were, valued at fifty percent of their face value, or $64,546.05, and the total assets as value amounted to $114,438.98. Thus, the determined value of receivables amounted to 56.402 percent of the total determined value on which payment was made. The Commissioner figured the deficiency upon which the income tax was assessed on that percentage of the total amount paid to the estate in the two year period.

The District Court made a finding, i. e., that "the value and sales price of the share and interest of Dr. Burnap in the Partnership so determined and paid under the Articles was and is of itself a 'capital asset' regardless of its nature, and that the payments made thereon by the surviving partners to the representatives of the estate of Dr. Burnap cannot be separated or prorated and related to individual assets of the Partnership. Said value so determined was payable by the surviving partners as a firm price to be paid for the transfer and sale of the share and interest of Dr. Burnap in the partnership at all events and without regard to whether or not the accounts receivable were collected or earnings received, or any other factors. The transaction constituted and was a real, bona fide sale and transfer of the interest and share of Dr. Burnap in the partnership and no portion of said payments in either of said tax periods constituted the distribution of earnings."

The Court relied upon the decision of this Court in United States v. Shapiro, 8 Cir., 178 F.2d 459, 461, affirming Shapiro v. United States, D.C., 83 F.Supp. 375. It was there decided that the gain from a transfer of a partner's interest in a partnership to another partner was taxable as a capital asset and not as in-

come, "regardless of the nature of the partnership properties" even though the partnership assets in that case included "some undistributed profits" and a large non-capital asset. We concluded that the overwhelming weight of authority was to the effect stated.

It is the contention for the government on this appeal that the District Court erred in failing to hold that the above 56.402 percent of the total amount received by the decedent's estate (during the two years in question) on account of his proportion of the receivables owing to the partnership represented the decedent's share of partnership earnings and constitutes taxable income to the estate and hence to appellee as transferee.

It is conceded for the government that "In view of the Shapiro case and others cited therein, the Government no longer takes the position that a partnership interest is not a capital asset." But it contends that although all of the different items of assets of the partnership in this case were lumped together in the sum that was paid by the surviving partners, 56.402 percent of the total value of the items of assets represented by the accounts and notes, were simply rights to income from the compensation for personal services performed, and the nature of them precluded taxing the proceeds received by the estate from the transfer of them otherwise than as income.

Ten years have passed since our decision in United States v. Shapiro. We observed in that case that "uniformity in construction in tax laws is important" and it appeared to us that decisions had been rendered by the Courts of Appeals of the Second, Third, Fifth, and Sixth Circuits and by the Tax Court to the effect that under the applicable provisions of the Internal Revenue Code of 1939, 26 U.S.C. §§ 23(l), 117(a) (1), 3797(a) (2) the sale of a partner's interest in a partnership is the sale of a capital asset regardless of the nature of the partnership properties.

It is not claimed that the Supreme Court has overruled our decision in the Shapiro case by any reference to it, but the following cases decided since Shapiro are cited for the government as requiring decision that under the applicable 1939 Internal Revenue Code, income tax was properly assessed against appellee in this case: Tunnell v. United States, 3 Cir., 259 F.2d 916, affirming D.C., 148 F.Supp. 689; United States v. Snow, 9 Cir., 223 F.2d 103, certiorari denied 350 U.S. 831, 76 S.Ct. 64, 100 L.Ed. 741; Leff v. Commissioner, 2 Cir., 235 F.2d 439; LeSage v. Commissioner, 5 Cir., 173 F.2d 826; Bright v. United States, D.C.E.D.Pa., 113 F.Supp. 865; Spicker v. Commissioner, 26 T.C. 91; and Johnson v. Commissioner, 21 T.C. 733.

The District Court's study of the cases including the decisions in the seventh circuit in Swiren v. Commissioner, 7 Cir., 183 F.2d 656, certiorari denied 340 U.S. 912, 71 S.Ct. 293, 95 L.Ed. 659, and Meyer v. United States, 7 Cir., 213 F.2d 278 and the cases cited for the government "satisfied [the Court] that the holding of the Swiren case from the neighboring Seventh Circuit, applying the principles of United States v. Shapiro, supra, is still the law applicable there and here." [168 F.Supp. 683.] It accordingly overruled the contentions for the Government.

Our own consideration of the arguments for the Government and cases cited by it has not convinced us that the judgment appealed from should be reversed. It must be conceded that the conclusion we declared in the Shapiro case upon which the District Court relied is not now supported by such overwhelming weight of authority as we found to be the case in 1950. In the latest case cited to us from the Tax Court, Spicker v. Commissioner, 1956, 26 T.C. 91 the retiring partner who received $25,000.00 from the surviving partners for his interest was held liable for income tax in respect to the whole sum. The reference in the opinion to the Swiren and Meyer decisions in the Seventh Circuit and the Shapiro case in the Eighth do not imply concurrence in them. On the

contrary, the Tax Court quoted from, and relied heavily upon Helvering v. Smith, 2 Cir., 1937, 90 F.2d 590, where the opinion by Learned Hand was to the effect that a payment to a retiring partner in a law firm for his interest in the firm where the firm property consisted chiefly of accounts receivable was not a sale of a capital asset but was ordinary income. In the latest Court of Appeals decision cited to us, Tunnell v. United States, 3 Cir., 259 F.2d 916, affirming D.C., 148 F.Supp. 689, the Swiren and Meyer cases were criticised and although Shapiro was referred to the decision was not in accord with it. We do not consider that United States v. Snow, 9 Cir., 223 F.2d 103, conforms to our Shapiro decision; nor does Trousdale v. Commissioner, 9 Cir., 219 F.2d 563.

On the other hand, the decision in the Shapiro case in the District Court and in this Court were arrived at after study of the state law of partnership and the federal tax law, and there has been no reversal of its declarations of law. It is stated in the Report of the Ways and Means Committee of the House of Representatives quoted in the footnote to Tunnell v. United States, 148 F.Supp. on page 695: "The existing tax treatment of partners and partnerships [under the 1939 Code] is among the most confused in the entire income tax field," and the very large number of cases called to our attention bearing on the issue here involved fully supports this statement of the Report.

But the provisions of the 1939 Revenue Code which controlled the decision in the Shapiro case and in this case have been radically changed in the 1954 Code. As before, the partner is required to take into account separately his distributive share of a partnership's taxable income and the character of any item is to be determined as if realized directly from the partnership source. I.R.C.1954, 26 U.S.C. § 702(a). While the gain from the sale of a partnership interest continues to be recognized to the transferor partner as a capital gain, unrealized re-

ceivables are for the first time expressly excepted, I.R.C.1954, 26 U.S.C. § 1221.

On consideration it appears that the decision in the District Court in Minnesota and in the Court of Appeals of the Eighth Circuit in the Shapiro case present a clear and intelligible rule for the taxation of such a transfer of partnership interest under the 1939 law as is involved here. Hoped for uniformity of application of that law was not attained and the problem involved in the present case is eliminated for the future by the new enactments. The District Court did not err in applying the law declared in our opinion in the Shapiro case to the facts shown here. The judgment appealed from is

Affirmed.