J. B. O'Brien and Roberta C. O'Brien v. Commissioner.
O'Brien v. Commissioner
Docket No. 85058.
United States Tax Court
T.C. Memo 1962-142; 1962 Tax Ct. Memo LEXIS 167; 21 T.C.M. (CCH) 750; T.C.M. (RIA) 62142; June 12, 1962
Otis C. Buchanan, Esq., 131 E. State St., Columbus, Ohio, for the petitioners. James D. Biltz, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency of $2,548.48 in the 1957 income tax of petitioners and an addition to tax under section 6653(a) of the Internal Revenue Code of 1954 in the total amount of $127.42. J. B. O'Brien, who will be called *168 petitioner, and his wife Roberta reside in Pomeroy, Ohio, and they filed their joint income tax return for 1957 with the district director of internal revenue in Columbus. Petitioner is a lawyer and in 1957 he was in a law partnership with his brother Frank. From 1944 until May 30, 1957 petitioner was an equal partner with another brother, William, in the Hi-Goodale Recreation Center, which was engaged in the operation of a bowling alley managed by William in Columbus, Ohio. The Hi-Goodale Recreation Center terminated on May 30, 1957, at which time petitioner sold his partnership interest to William for $12,500. In 1958 petitioner received a check for $576.54 which represented one-half of the balance of the partnership's cash in bank remaining after winding up the financial affairs of Hi-Goodale Recreation Center. The partnership transacted no business after the date of sale of petitioner's interest. The partnership's return of income for the period ending June 30, 1957 shows the following: Schedule M - Reconciliation of Partners' Capital Accounts
Capital Ac-
Capital
count at begin-
contributed
Ordinary
ning of the year
during year
Income
Petitioner
$11,395.78
0
$10,344.74
William
12,573.98
0
10,344.74
*169 Schedule M - Reconciliation of Partners' Capital Accounts
Withdrawals
Capital Accounts
and
at End of Year
Distributions
Petitioner
$12,539.72
$ 9,200.80
William
12,567.03
10,351.69
It was fairly well established by testimony that petitioner's initial investment in the partnership in 1944 was $12,649.87. There is dispute as to William's investment, with petitioner saying he invested none of his own money and William saying he initially invested more of his own money than petitioner. They agree they were at all times equal partners as to partnership earnings. It is to be noticed that in 1957 petitioner withdrew all of his share of partnership earnings, $10,344.74, plus an additional sum, $2,194.98, or a total sum of $12,539.72. In preparing his joint income tax return for the year 1957 the petitioner computed his gain or loss on the sale of his interest in the Hi-Goodale Recreation Center in the following manner: Capital Account 5-30-57
$ 9,200.80
Alleged Initial Cash Investment
12,649.87
Total
$21,850.67
Less Sales Price of Partnership
Interest
12,500.00
Total
$ 9,350.67
Alleged Value of Undepreciated
Property
7,500.00
Gross Loss
$16,850.67
Distributive Share of Partnership
Profits
10,344.74
Net Loss on Sale of Partner-
ship
$ 6,505.93
*170 The respondent included petitioner's share of partnership profits ($10,344.74) in petitioner's ordinary income and recomputed the petitioner's capital gain or loss on the sale of his partnership interest in the following manner: Capital Account 5-30-57
$ 9,200.80
Less Cash Distribution
580.00
Total Basis
$ 8,620.80
Sales Price of Partnership
Interest
12,500.00
Capital Gain on Sale
$ 3,879.20
There is no basis in reason or law for petitioner adding his alleged initial investment sum of $12,649.87, and the sum of $9,200.80, the balance reflected in his capital account on the day of sale, in computing the basis for his partnership interest. And petitioner offered no explanation for the $7,500 figure described on his return as "undepreciated property." Nor is there any basis in reason or law for petitioner subtracting his share of 1957 earnings or $10,344.74 from the incorrectly computed gross loss sum. These earnings (plus $2,194.98 of his capital investment) were distributed to him in 1957. Respondent's adjustment correctly included these earnings in petitioner's ordinary income. Sec. 702, Internal Revenue Code of 1954[1]; Chris J. Sherlock, 34 T.C. 522, *171 affirmed 294 F. 2d 863. Respondent's computation of gain on petitioner's sale of his partnership interest is correct. Generally speaking the basis of petitioner's interest in the partnership is the amount of money that he originally contributed to it plus any further contribution he has made and less any distribution to him in excess of partnership earnings. Section 722. Provision is made in section 705 for determining the adjusted basis of a partner's partnership interest by other adjustments that would increase and decrease the basis to reflect such items as tax exempt income, undistributed taxable income, partnership losses, and other events. In the absence of any evidence as to such events in the prior history of the partnership, the only available basis at the time of sale is the capital account. It is significant that the record does show fluctuations in the capital accounts of the partners which indicate some running adjustments were made to reflect events that would increase or decrease their original contributions. [2] In the absence of partnership books and records for all *172 of the years, it must be assumed the capital account of each partner reflected the initial amount invested and his contributions to and distributions from their original capital investment, plus interim adjustments, if any existed, that would increase or decrease the basis. Respondent was right in using the amount of petitioner's capital account at the time of sale or $9,200.80 as a starting figure in the computation of basis for petitioner's basis at the time of sale. He was also right in decreasing this sum by the amount of undistributed partnership funds in 1957 and later paid to petitioner in 1958. Respondent concedes the latter sum was $576 rather than $580 as originally determined by him. Petitioner argues this latter sum was part of the partnership's 1957 earnings. But all of the 1957 earnings and more were distributed to the partners. It is apparent it was a return of capital. It is *173 in the same category as the $2,194.98 previously mentioned that had the effect of reducing petitioner's capital account from $11,395.78 at the beginning of the year to $9,200.80 at the time of sale. We uphold respondent's computation and his determination that petitioner realized capital gain on the sale of his partnership interest with the conceded correction in the sum of $3,875.20. Petitioner's 1957 income tax return alleged a total sum of $2,138.93 as deductible in the space headed "Other Deductions." The return breaks down the total into the following: Advertising
$ 24.52
Business Auto Depreciation and
expenses
1,060.55
Travel expenses Business -
Columbus (est)
800.00
Insurance
253.86
$2,138.93
Respondent disallowed $1,148.86 of the above amount and allowed the balance of $990.07 as a deduction from income. The record shows that the $1,060.55 figure represented $260.55 spent for gasoline and oil and $800 claimed depreciation on the automobile which petitioner used in his business. Petitioner made a number of business trips. He estimated travel expense but submitted no bills or receipts for meals and lodging and no evidence or any explanation of *174 the advertising and insurance items. Respondent allowed a portion of the claimed deductions and disallowed the balance. There is nothing in the evidence upon which we could base a different or greater approximation than respondent allowed. We sustain the respondent. Neils Schultz, 44 B.T.A 146. In respondent's adjustment of deductions he also allowed the $1,000 standard deduction in lieu of itemized deductions for contributions, interest and taxes totaling less than $1,000. The petition contains no assignment of error with respect to the addition to tax in the sum of $127.42 provided by section 6653(a) and no evidence was presented to show respondent's determination was in error. We sustain respondent on the issue. Other adjustments were not contested. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Many annual reports of reputable accounting firms that audited the partnership books were available. They showed the capital account of each partner sometimes the same figure ranging from $10,000 to $15,000 but sometimes they showed $1,000 or $2,000 more in William's capital account.↩