Jerome A. Wiltse and Lillian M. Wiltse v. Commissioner.
Wiltse v. Commissioner
Docket No. 79769.
United States Tax Court
T.C. Memo 1963-270; 1963 Tax Ct. Memo LEXIS 76; 22 T.C.M. (CCH) 1368; T.C.M. (RIA) 63270; September 30, 1963
Jerome A. Wiltse, pro se, 860 Twenty-third St., Santa Monica, Calif. Lawrence S. Kartiganer, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined deficiencies in petitioners' income tax for the years and in the amounts as follows: Year
Deficiency
1952
$ 3,924.86
1953
14,652.90
The issues are (1) whether in computing petitioner Jerome A. Wiltse's distributive share of the ordinary net income of a partnership amounts withdrawn by his partner are first deductible; (2) whether amounts received by petitioner Jerome A. Wiltse for his partnership interest which are attributable to his distributive share of accrued partnership earnings are taxable as ordinary income; and (3) whether respondent has properly computed petitioner's *77 capital account as of November 30, 1953. Findings of Fact The stipulated facts and exhibits to the stipulation are incorporated herein by this reference. Petitioners, Jerome A. Wiltse and Lillian M. Wiltse, are husband and wife and at all times material to this case resided in Santa Monica, California. They filed their joint income tax returns for the calendar years 1952 and 1953 on the cash basis of accounting within the time prescribed by law with the district director of internal revenue at Los Angeles, California. Since Lillian is a party solely by reason of filing a joint return, Jerome will be referred to as petitioner. In December 1945 petitioner and Robert B. Butler entered into a partnership known as Butler Production Artists, also known as Butler Publications (hereinafter referred to as Butler Publications). This partnership filed information returns for the calendar years 1952 and 1953 on the cash basis of accounting with the district director of internal revenue at Los Angeles, California. The partnership agreement establishing Butler Publications originally provided that Butler would be paid a salary and that the partnership profits would be divided two-thirds *78 to Butler and one-third to petitioner. In 1952 Butler received $7,950 from the partnership and in 1953 received some amount not clearly shown. In 1952 and the period January 1 to November 30, 1953, petitioner received from the partnership the amounts of $5,489.76 and $34,532.66, respectively. The 1952 partnership information return, which was signed by petitioner, reported the sum of $58,697.99 as ordinary net income of the partnership and two-thirds and one-third of this amount as the distributive shares of Butler and petitioner, without any deductions for amounts paid to partners, or $39,132 and $19,565.99, respectively. On his individual return for 1952 petitioner reported as his distributive share of partnership income the $19,565.99 thus shown on the partnership return. The partnership return for the calendar year 1953 reported as ordinary net income the sum of $114,297.46, which was divided approximately one-third to petitioner, or $38,432.49, and two-thirds to Butler, or $75,864.97. As shown by the stipulation and joint exhibits filed by the parties, the ordinary net income of Butler Publications in 1952 was $85,527.09 and partnership net income for the period January 1 to *79 November 30, 1953, was $87,845.45 computed on the cash basis or $138,146.93 computed on an accrual basis of accounting. During the years 1946 through 1953 petitioner made several loans to Butler Publications. On December 31, 1951, the balance in the loan account owing to petitioner was $14,018.86. In 1952 petitioner loaned the partnership $1,200. During 1952 the partnership repaid petitioner $3,700, resulting in a balance in the loan account as of December 31, 1952, of $11,518.86. On or about February 27, 1953, the partnership repaid petitioner $700. As of November 30, 1953, the balance in the loan account owing to petitioner was $10,818.86. As of November 30, 1953, petitioner sold his interest in Butler Publications to Butler. In December 1953 and during 1954, petitioner received payments from Butler Publications in exchange for his partnership interest in the respective amounts of $4,275.25 and $32,724.75. Petitioner's capital account showed a deficit balance of $13,542.18 as of January 1, 1952. In 1952 he withdrew $5,493.39. His distributive share of net income of the partnership was $28,508.74. In the period January 1 to November 30, 1953 he withdrew from capital account *80 $34,532.66, and his distributive share of partnership net income was $29,281.82. His capital account as of November 30, 1953, was $4,222.33. Petitioner's adjusted basis for his partnership interest as of November 30, 1953, is $15,041.19, and as of December 31, 1953, is $10,765.94. Petitioner's distributive share of partnership earnings for January 1 to November 30, 1953, on an accrual basis is $46,048.98. His share of accrued earnings of the partnership as of November 30, 1953, is $16,767.16. Opinion The first issue concerns the method of computing the petitioner's distributive share of the partnership income for 1952 and the period January 1 to November 30, 1953. The partnership profits were to be divided one-third to petitioner and two-thirds to Butler. Each partner received some amounts during each of these periods. The partnership information returns show a division of the profits two-thirds and one-third without reference to the withdrawals. The respondent, after adjusting the partnership income, treated the profits as divisible one-third to petitioner and two-thirds to Butler, in the manner followed in the returns. Petitioner contends that amounts paid to Butler were *81 first to be deducted before the remaining profits were to be so divided. A partner's share of the distributable income of a partnership is to be determined in accordance with the partnership agreement. Chris J. Sherlock, 34 T.C. 522; affd. 294 F. 2d 863 (C.A. 5); Frederick S. Klein, 25 T.C. 1045. Although salaries paid to partners are not to be deducted in determining partnership net income, they are considered to be a means of fixing each partner's distributive share of partnership net income. Joe W. Stout, 31 T.C. 1199, affd. in part and remanded 281 F. 2d 233 (C.A. 4); Augustine M. Lloyd, 15 B.T.A. 82; Estate of S. U. Tilton et al., 8 B.T.A. 914; Regs. 118, section 39.183-1; G.C.M. 6582, VIII-2 C.B. 200. Therefore, whether or not Butler's salary is to be deducted from the net income of the partnership before the percentage division of profits in determining petitioner's distributive share of partnership income dependends on what was the agreement of the partners in respect to that salary. Butler testified that the partnership agreement was oral, that under the original *82 arrangement Butler was to draw a salary and the remaining profits were to be divided two-thirds and one-third. Petitioner says that this was the arrangement in effect in 1952 and 1953. However, Butler testified further that about 1949 or 1950 and thereafter the petitioner as well as Butler, received a salary and that the total of the partners' salaries was divided two-thirds and one-third in the same ratio as the profits. We are inclined to accept Butler's version of the arrangement. The accountant who prepared the partnership return for 1953 testified that he understood the partners' salaries were to be treated as withdrawals against their distributive shares of profits. The partnership information returns show a division of the profits without taking the amounts paid to partners into account. The return for 1952 was signed by petitioner. Also, petitioners' return showed Wiltse's share of the profits as computed on the partnership return. Since the salaries were in the same ratio as the agreed division of the profits, it is immaterial whether they are first deducted or treated as withdrawals. In view of the evidence we find that the petitioner has not proved error in the respondent's *83 method of computation. The second issue presented is whether amounts received by petitioner in exchange for his partnership interest which are attributable to accrued earnings of the partnership as of the date of the transfer are taxable as ordinary income. It is well established that a partner who transfers his interest in a partnership is taxable on his distributive share of partnership net income for the period ending with the date of the transfer. Chris J. Sherlock, supra; George F. Johnson, 21 T.C. 733; LeSage v. Commissioner, 173 F. 2d 826 (C.A. 5), affirming this issue in a Memorandum Opinion of this Court; Tunnell v. United States, 259 F. 2d 916 (C.A. 3); United States v. Snow, 223 F. 2d 103 (C.A. 9), certiorari denied 350 U.S. 831. Petitioner argues, however, that since Butler Publications used the cash method of accounting, unrealized accounts receivable cannot be considered as part of his distributive share of partnership net income and, therefore, amounts received in exchange for his interest in those accounts cannot be taxed as ordinary income. The method of accounting of a partnership, *84 however, is immaterial to the issue of the taxability as ordinary income of amounts received by a partner upon his withdrawal from the partnership which are attributable to the previous earnings of the partnership. A taxpayer cannot escape taxation by the transfer of a right to receive income in the future. Commissioner v. P. G. Lake, Inc., 356 U.S. 260; Helvering v. Horst, 311 U.S. 112. He is taxable on income earned by his labor or investment at the time when he enjoys the benefit of the economic gain. Helvering v. Horst, supra.In the instant case, petitioner's right to the income from the previous earnings of the partnership was fixed. Tunnell v. United States, supra.Had he remained a partner, he would have received ordinary income when the outstanding accounts were collected. By relinquishing his interest in the accrued earnings of the partnership for a consideration, petitioner has merely substituted present income for future income and is presently taxable on that income. Commissioner v. P. G. Lake, Inc., supra. Petitioner does not question whether some part of the amount which he received for his partnership *85 interest was attributable to earned but uncollected income or the value of that part; consequently, the Commissioner's determination that $16,767.16 of the consideration for petitioner's interest in the partnership was attributable to his distributive share of partnership accrued earnings is sustained. Tunnell v. United States, supra. The only remaining issue concerns the proper computation of petitioner's capital account as of November 30, 1953. The Commissioner has determined petitioner's capital account by making the adjustments called for by his determination of petitioner's distributive share of partnership net income for 1952 and the period January 1 to November 30, 1953, to petitioner's capital account as of January 1, 1952, as reported on the 1952 partnership information return which was signed by the petitioner. In addition to the amounts of his distributive share of partnership income for the periods in issue, petitioner differs with respondent as to the balance in his capital account as of January 1, 1952. In support of his position, petitioner relies on his personal records and a letter from an internal revenue agent concerning an attempted settlement of *86 petitioner's tax liability, neither of which was offered in evidence at the trial and so cannot be considered by the Court. Petitioner has offered no competent evidence contradicting respondent's determination of the capital account, and that determination is sustained. Decision will be entered under rule 50. *
Footnotes
*. By Tax Court order 11/27/63, the present wording was substituted for the words "Decision will be entered for the respondent."↩