ROSE S. HARKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68490. Filed November 30, 1959.

*William P. Congdon, Esq.*, for the petitioner.
*James E. Johnson, Jr., Esq.*, for the respondent.

#### OPINION.

FISHER, *Judge:* Respondent determined deficiencies in income tax and additions to tax against petitioner for the taxable year 1953 as follows:

| Year | Deficiency | Additions to tax, I.R.C. 1939 | |
| | | Sec. 294(d)(1)(A) | Sec. 294(d)(2) |
| --- | --- | --- | --- |
| 1953 | $1,726.48 | $2,737.51 | $1,425 |

The issues (other than those disposed of by stipulation of the parties) are whether or not respondent erred in determining addi-

tions to tax for the year 1953 under the provisions of sections 294(d)(1)(A) and 294(d)(2) of the Code of 1939.

All of the facts are stipulated and are incorporated herein by reference.

Petitioner, Rose S. Harkins, was a resident of Augusta, Georgia, during the year 1953. She derived taxable income from rents, dividends, and the operation of a retail women's apparel store, known as Crosby's during the year 1953.

On September 16, 1953, petitioner filed a declaration of estimated tax for the taxable year 1953 (Form 1040-ES) with the district director of internal revenue for the district of Georgia, in which she estimated her income tax liability for the year 1953 to be $6,666.67. She paid $5,000 at the time of filing such declaration. The declaration filed September 16, 1953, was the only declaration of estimated tax filed by petitioner for the year 1953.

Petitioner filed a United States individual income tax return, Form 1040, for the taxable year 1953 with the district director of internal revenue for the district of Georgia showing a tax liability of $28,771.12. Of this amount, $5,000 was shown on the tax return as having been paid by petitioner on a declaration of estimated tax.

The declaration filed by petitioner on September 16, 1953, was not based on petitioner's 1952 income or income tax return. Eighty per cent of petitioner's tax liability for 1953 substantially exceeded the amount stated in her declaration of estimated tax for that year.

Respondent determined additions to tax under section 294(d)(1) (A), based on the failure of petitioner to file a timely declaration of estimated tax for 1953. Petitioner failed to offer any evidence that the filing of her declaration was timely, or that her failure to file a timely declaration was due to reasonable cause and not to willful neglect. Respondent's determination is prima facie correct, and his determination in this respect must be sustained in view of petitioner's failure to meet the burden of proving error.

Petitioner filed a declaration of estimated tax for the year 1953 on September 16 of that year. The amount of estimated tax declared was $6,666.67, which was less than 80 per cent of her tax liability for 1953. Respondent determined additions to tax under section 294(d)(2) for substantial underestimate of estimated tax, allowing credit in his computation for the estimated tax declared. Petitioner has demonstrated no error of law or fact in such determination, and we must, therefore, sustain respondent's determination.

We realize that the result under section 294(d)(2) may, at first glance, appear to be anomalous in the light of the decision of the Supreme Court in *Commissioner* v. *Acker*, 361 U.S. 87 (1959), in which *no* declaration of estimated tax was filed by the taxpayer. The

Court held that additions to tax under section 294(d)(2) were not to be applied on the theory of substantial underestimate of estimated tax on a zero estimate basis in cases in which no declaration at all was filed. In the instant case, a declaration (then due as well as overdue) *was* filed on September 16, 1953, and an estimated tax was declared thereon for which petitioner received appropriate credit. Under the circumstances of the instant case, we can find no basis in the statute for relieving petitioner of the additions to tax under section 294(d)(2).

*Decision will be entered under Rule 50.*