Ben STELLOR and Sylvia Stellor

v.

UNITED STATES.

No. 162–60.

United States Court of Claims.
March 1, 1961.

Melvin A. Coffee, Denver, Colo., for plaintiffs.

George Willi, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

DURFEE, Judge.

This is a suit for the recovery of amounts collected pursuant to section 294 (d) (2) of the Internal Revenue Code of 1939 [1] for the years 1950, 1951, and 1952. Plaintiffs, a husband and wife who filed joint returns, have also paid additional amounts assessed pursuant to section 294(d) (1) (A) of the Code [2] for the same tax years.

The plaintiffs filed declarations of estimated tax for the tax years 1950, 1951, and 1952, but the declarations were late. They do not contest the right of the Commissioner to collect $1,342.32 as additions to the taxes, as authorized by section 294(d) (1) (A) of the Code for

failure to file a timely declaration of estimated taxes, but they claim that it is unconscionable and unauthorized by the Code for an additional charge of $867.78, pursuant to section 294(d) (2), for substantially underestimating taxes to be levied in respect to the same declarations for the same tax years.

The issue, as we see it, is whether the sanctions against late filing and against substantially underestimating are mutually exclusive so that additional charges for both delicts may not be assessed where they occur in the same declaration.

Section 294(d) (1) (A) of the 1939 Internal Revenue Code prescribes an addition to income taxes otherwise due for a taxpayer's failure to file a timely declaration of estimated tax. The addition is equal to five percent of the tax installment due but unpaid plus an additional one percent for each month it remains unpaid up to a maximum of ten percent. Section 294(d) (1) (B) [3] prescribes an

1. Title 26 U.S.C. § 294(d) (2) (1952 Ed.) provides, in pertinent part:

"If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60(a), or 66⅔ per centum of such tax so determined in the case of such farmers, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser.

2. Title 26 U.S.C. § 294(d) (1) (A) (1952 Ed.):

"In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this

subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.

3. Title 26 U.S.C. § 294(d) (1) (B) (1952 Ed.):

"Where a declaration of estimated tax has been made and filed within the time prescribed, or where a declaration of estimated tax has been made and filed after the time prescribed and the Commissioner has found that failure to make and file such declaration within the time prescribed was due to reasonable cause and not to willful neglect, in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount re-

addition to taxes otherwise due computed at the same rate as in subparagraph A for the failure of a taxpayer who has filed a declaration to pay an installment within the time prescribed. The additions to tax prescribed by both of the subparagraphs are not to be applied, however, if the Commissioner finds that failure to file or failure to pay was due to reasonable cause and not to willful neglect.

The addition to taxes prescribed by section 294(d) (2) for substantial underestimation of estimated tax results when a taxpayer's estimated tax proves to be less than 80 percent of his final tax liability. The addition under this subsection cannot exceed six percent. As to this addition to tax, there is no forgiveness for reasonable cause.

Plaintiffs contend that section 294(d) (2) imposes a penalty, that penalties must be strictly construed in favor of those from whom the penalty is sought, and that there is no discernible intent that both of the additions to tax involved in this case are to be applied in respect to a single tax for a single year. As authority for the refund here sought, they refer us to Commissioner of Internal Revenue v. Acker, 1959, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127.

The Acker case was one of four cases appealed to different circuit courts from the Tax Court at about the same time. Abbott v. Commissioner of Internal Revenue, 3 Cir., 1958, 258 F.2d 537; Patchen v. Commissioner of Internal Revenue, 5 Cir., 1958, 258 F.2d 544; Acker v. Commissioner of Internal Revenue, 6 Cir., 1958, 258 F.2d 568; Hansen v. Commissioner of Internal Revenue, 9 Cir., 1958, 258 F.2d 585. In each case the Tax Court had held that a taxpayer who had

filed no declaration of estimated tax and had therefore been assessed an addition to tax under section 294(d) (1) (A) could also be required to pay the addition under section 294(d) (2) for substantially underestimating. The Tax Court had come to the conclusion that the Internal Revenue regulation which said that in the event of a failure to file a declaration the amount of estimated tax for the purpose of section 294(d) (2) would be considered to be zero was not in derogation of the statutory purpose underlying these sections.

Of these four courts only the Sixth Circuit in the Acker case reversed the Tax Court and denied the Commissioner's authority to make additions under both sections in that factual situation. Because of the conflict, the Supreme Court granted certiorari in the Acker case.

The Court did indeed decide that section 294(d) (2) was a penalty provision.[4] It restated the doctrines that "penal statutes are to be construed strictly" and that one "is not to be subjected to a penalty unless the words of the statute plainly impose it."[5] The majority could find nothing in the statute to authorize the treatment of a failure to file a declaration as the filing of an estimate of zero. It rejected the legislative history advanced by the Government to support the Commissioner's action as unpersuasive. At the outset of the majority opinion, the writer outlined the principal issue of the case in this fashion (361 U.S. at pages 90–91, 80 S.Ct. at page 147):

> "The first and primary question that we must decide is whether there is any expressed or necessarily implied provision or language in § 294

---

mains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment."

4. Three justices dissented on this point. They also believed that recourse to the legislative history of the provision was

warranted and that it was clearly intended to equate failure to file a declaration with an estimated tax of zero for the purposes of section 294(d) (2).

5. Federal Communications Commission v. American Broadcasting Co., 347 U.S. 284, 296, 74 S.Ct. 593, 98 L.Ed. 699; Keppel v. Tiffin Savings Bank, 197 U.S. 356, 362, 25 S.Ct. 443, 445, 49 L.Ed. 790.

(d) (2) which authorizes the treatment of a taxpayer's failure to file a declaration of estimated tax as, or the equivalent of, a declaration estimating his tax to be zero."

It is immediately apparent that there is a significant difference between the case treated by the Court and the one presently before us. In the Acker case the taxpayer was said to have substantially underestimated in a declaration which was never prepared or filed. In this case it is uncontested that the *taxpayers* did file a declaration of estimated tax and that that estimate was substantially erroneous.

The question here is not whether a statute penal in nature may be extended by a regulation but whether two penal statutes were meant to be mutually exclusive. The penalty provisions relating to the declaration of estimated tax were added to the Code by the Current Tax Payment Act of 1943, 57 Stat. 126, 144. A separate provision was devoted to failure to file a declaration, to failure to pay an installment on time, and to substantial underestimation. A different rate of addition to taxes was prescribed in each section. The Revenue Act of 1943, 58 Stat. 21, 37 cast these penalty provisions in substantially the form in which they appeared on the dates pertinent to this case. They were still embodied in three separate paragraphs although the provisions relating to late filing and failure to file became subparagraphs A and B of section 294(d) (1) and the penalty rate for those derelictions became the same. A lesser penalty rate, suggestive of an interest on amounts belatedly forwarded to the Treasury, was set for substantially underestimating taxes. Unlike the other two penalties, reasonable cause would not excuse a substantial underestimation nor relieve the taxpayer from the resultant penalty. A reading of the provisions shows that the penalty for late payment came into play only when a declaration had been timely filed.

We think that this clearly shows that the Congress in implementing its obvious intent to make the A and B subparagraphs of 294(d) (1) mutually exclusive accomplished such a purpose through unequivocal means. Had the Congress similarly intended to make sections 294(d) (1) (A) and 294(d) (2) alternative or mutually exclusive it could have, and would have, we believe, expressed this in unmistakable terms.

In the 1954 Internal Revenue Code, the Congress eliminated the separate provisions relating to each of the three different derelictions of the estimated tax scheme. 26 U.S.C. § 6654. The new Code provision authorized a single addition based on underpayment of the estimated tax, calculated at the rate of six percent of the amount of the underpayment. Concerning this change H.R.Rep. No. 1337, 83rd Cong., 2nd Sess., had the following to say (3 U.S.Code Cong. & Ad. News (1954) 4017, 4127):

"Additional charges are imposed under the present law for failure to file a declaration or make a payment of the estimated tax or for substantial underestimates of tax liability. These charges may be severe. For failure to file a declaration or to pay an installment of the estimated tax, the total charge may be as high as 9 percent of the unpaid installment. For a substantial underestimate of tax, that is, an estimated tax which is less than 80 percent of the actual tax liability for the year (66⅔ percent in the case of farmers), a charge of 6 percent of the amount by which the final tax liability exceeds the estimated tax may be imposed. This charge and the charge for failure to file a declaration or pay an installment of estimated tax may run concurrently and result in a combined charge of 15 percent of the estimated tax due.[6]

In Footnote 17 of the Fifth Circuit opinion in Patchen v. Commissioner of

6. The reference to a 9 percent maximum addition for failure to file or pay an installment was apparently made inadvertently and should be 10 percent.

Internal Revenue, supra, this observation concerning the 1954 Code revision of the sections relating to estimated taxes was made [258 F.2d 552]:

> "* * * when the legislative branch reached the policy conclusion that it was unreasonable to impose penalties in the range of 15%, it did not do so through any device as simple as would be our holding that the penalties were to be alternative, not cumulative. To rip one stitch in the garment of the tax law may call for a complete retailoring. In any case, that happened in this little hem line of the 1954 Code: see, e. g., Secs. 6654, 6651(c), 7203 of the 1954 Code (26 U.S.C.A. §§ 6654, 6651(c), 7203."

■■ There are certain factual situations in which but one penalty may come into operation with respect to noncompliance with the estimated tax provisions. But where this is so, it is so because an unequivocal formula is set forth in clear language. We find no such alternative treatment required by the Code provisions presently under consideration. Strict construction of penalty provisions does not, we think, prohibit recourse to the legislative history of those provisions. The history of sections 294(d) (1) (A) and 294(d) (2) shows a legislative intent that they operate concurrently. The Commissioner's action in levying additions to plaintiffs' taxes under both of these sections was not unauthorized or in violation of the Code.

■ Finally, we reject the plaintiffs' contention that it is unconscionable to penalize them who, they claim, have at least attempted to comply with the duty to correctly estimate taxes, but not to penalize the plaintiff in the Acker case, and similar taxpayers, who made no attempt to comply with the law. We need not dwell on the fact that the statutory question answered in the Acker case was vitally different from the one presented by this petition and offers the plaintiffs no support. We note that within the Internal Revenue Code there are other examples of penal sections which impose a lesser penalty for failure to comply[7] than for apparent compliance which is actually false or misleading.[8] The treatment accorded the plaintiffs is not unfair in the light of the Acker decision when it is recognized that their erroneous estimate of their taxes was affirmatively misleading to the Revenue and Treasury officials charged with the responsibility of administering the scheme for current payment of income taxes and for the periodic realization of revenue.

We note that our decision here is in accord with those of other courts which have passed on the identical issue since the Acker case was decided in the Supreme Court. Bryan v. Commissioner of Internal Revenue, 4 Cir., 1960, 281 F. 2d 238; Harkins v. Commissioner of Internal Revenue, 1959, 33 T.C. 365.

For the reasons assigned, we are of the opinion that the plaintiffs' motion for judgment on the pleadings must be denied and that the defendant's motion for summary judgment must be granted. The petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and MADDEN, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.

---

**7.** Section 291, I.R.C.1939; section 6651 (a), I.R.C.1954. Section 145(a), I.R.C. 1939; section 7203, I.R.C.1954.

**8.** Section 293(b), I.R.C.1939; section 6653(b), I.R.C.1954. Section 145(b), I.R.C.1939; section 7201, I.R.C.1954.